United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOE L. AGUILAR, SR. § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:22-cv-00423 |
| UNITED PROPERTY & CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |
| § | |

## **OPINION & ORDER**

The Court now considers Defendant's notice of automatic stay.[1]

### I.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this suit in Texas state court on July 25, 2022,[2] alleging that Defendant, United Property & Casualty Insurance Company, denied his claim or underpaid him for storm damage from Hurricane Hanna. Plaintiff brought contractual and extra-contractual claims.[3] Defendant removed the case to this Court on December 12, 2022, on the basis of diversity.[4]

Defendant is a corporation domiciled in Florida.[5] On February 16, 2023, the Florida Office of Insurance Regulation determined that grounds existed to initiate receivership proceedings against Defendant.[6] It executed and filed a Consent Order, which had already been executed by

---

[1] Dkt. No. 9.
[2] Dkt. No. 1-2.
[3] *Id.*
[4] Dkt. No. 1.
[5] Dkt. No. 9-1 at 4.
[6] *Id.* at 10, ¶ 24.

Defendant on February 9, to appoint the Florida Department of Financial Services as receiver for purposes of Defendant's liquidation.[7]

By operation of Florida law, the filing of the petition operates as an automatic stay that prohibits the continuation of judicial proceedings against Defendant.[8] Therefore, the Court finds *Burford* abstention[9] is appropriate.

## II. DISCUSSION

"A federal court should abstain from exercising jurisdiction where to do so would interfere with a specialized, unified state court system of adjudication designed to avoid inconsistent adjudication of claims arising from a comprehensive, detailed, and complex regulatory scheme in a subject area involving state law."[10] Insurance is a field typically reserved for the states, and states have enacted comprensive schemes for liquidation of insolvent insurers and the treatment of their policyholders and claimants.[11] Courts should abstain from adjudicating cases which would have a disruptive effect on a state's regulatory scheme.[12]

Florida is no exception to the general rule. Fl. Stat. § 631.161 specifically provides for the handling of claims of nonresidents against insolvent Florida insurers. The remainder of that chapter covers the mechanism, proof, time to file, and priority of claimants in Plaintiff's situation.[13] Because of Florida's applicable regime, the Court will abstain—on *Burford* grounds—from exercising jurisdiction in this case.

---

[7] *Id.* at 10, ¶ 25.
[8] *Id.* at 1 (citing FL. STAT. § 631.041(1)).
[9] *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098 (1943).
[10] *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249, 254 (5th Cir. 1990) (citing *id.*).
[11] *See Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 591 (5th Cir. 1998).
[12] *See Lac D'Amiante Du Quebec, Ltee v. Am. Home Assurance Co.*, 864 F.2d 1033, 1048 (3d Cir. 1988).
[13] *See* FL. STAT. § 631.

### III.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.[14] All deadlines in this case are **CANCELLED**, including the parties' initial pretrial conference set for March 20, 2023. The Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of March 2023.

                                               *[signature]*
                                               Micaela Alvarez
                                           United States District Judge

---

[14] *Martin Ins.*, 910 F.2d at 255 (Finding "*Burford*-type abstention to be a valid ground for dismissal.").